UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. ALLEY, | No.  2:21-cv-0010 AC P |
| Plaintiff, | |
| v. | ORDER |
| M. HER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 2, 4, 5, 9.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4         II.    Statutory Screening of Prisoner Complaints

5              The court is required to screen complaints brought by prisoners seeking relief against "a

6    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

7    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

8    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

9    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10             A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

13   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

14   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

15   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

16   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

17   Franklin, 745 F.2d at 1227-28 (citations omitted).

18             "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

19   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

20   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

21   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

23   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

24   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

25   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

26   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

27   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

28   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

1    cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2    R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4    relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5    Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

6    content that allows the court to draw the reasonable inference that the defendant is liable for the

7    misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

8    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9    Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

10   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

11   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12       III.    Complaint

13       Plaintiff alleges that defendants Her and Brown violated his rights to free speech, free

14   exercise of religion, and freedom from retaliation under the First Amendment and to free speech

15   and freedom from retaliation under article I, section 2 of the California Constitution.  ECF No. 1.

16   He alleges that he "is of the firmly-held belief that he is a 'Sovereign Freeman,' under the

17   Uniform Commercial Code, among other state and federal laws, and that his status as a Sovereign

18   Freeman is bestowed on him by his Creator."  ECF No. 1 at 3.  In line with his religious beliefs,

19   plaintiff has six documents that he exhibits on the front of his walker: a UCC financing statement,

20   a UCC financing statement addendum, a notice of affidavit and certificate of sovereign status, a

21   formal sovereign oath of renunciation, a notice of the oath of renunciation, and an image of a flag.

22   Id.  In 2018, plaintiff was given permission to keep these six documents attached to his walker as

23   part of an agreement reached through the appeals process, and he did so without incident for two

24   years.  Id. at 3-4.

25       On January 2, 2020, defendants Her and Brown ordered plaintiff to remove the documents

26   from the front of his walker.  Id. at 5.  After plaintiff showed them the appeal decision authorizing

27   him to have the documents on his walker, defendants threatened him with a rules violation for

28   ////

3

1  contraband that tends to incite violence or disrupts the order or breaches the security of the

2  facility if he did not remove them.  Id.

3       IV.     Failure to State a Claim

4       The right to exercise religious practices and beliefs does not terminate at the prison door.

5  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  To establish a free exercise violation,

6  plaintiff must show defendants burdened the practice of his religion, without justification

7  reasonably related to legitimate penological interests, by preventing him from engaging in

8  conduct that is based on a "sincerely held" religious concern and "rooted in religious belief"

9  rather than in secular philosophical concerns.  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir.

10  2008) (quoting Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)).

11      While the Ninth Circuit has not addressed the issue of whether a set of beliefs are

12  considered rooted in religion specifically in the context of the Free Exercise Clause, other courts

13  in this circuit have applied the criteria identified in Africa v. Pennsylvania, 662 F.2d 1025 (3d

14  Cir. 1981), and adopted by the Ninth Circuit in the context of the Establishment Clause in

15  Alvarado v. City of San Jose, 94 F.3d 1223 (9th Cir. 1996).  See, e.g., Conner v. Tilton, No. 07-

16  cv-4956 MMC (PR), 2009 WL 4642392, at *6-14, 2009 U.S. Dist. LEXIS 111892, at *16-40

17  (N.D. Cal. Dec. 2, 2009) (applying Africa in context of Free Exercise Clause), aff'd, 430 F.

18  App'x 617 (9th Cir. 2011); Prentice v. Nev. Dep't Corr., No. 3:09-cv-0627 RCJ VPC, 2010 WL

19  4181456, at *3-4, 2010 U.S. Dist. LEXIS 116248, at *7-14 (D. Nev. Oct. 19, 2010) (same).

20          First, a religion addresses fundamental and ultimate questions having
            to do with deep and imponderable matters.  Second, a religion is
21          comprehensive in nature; it consists of a belief-system as opposed to
            an isolated teaching.  Third, a religion often can be recognized by the
22          presence of certain formal and external signs.

23  Alvarado, 94 F.3d at 1229 (quoting Africa, 662 F.2d at 1032).

24      In this case, plaintiff fails to state a claim for the violation of his right to free exercise of

25  religion because he has failed to allege facts demonstrating that his conduct was rooted in

26  religious belief.  "While the First Amendment must be held to protect unfamiliar and

27  idiosyncratic as well as commonly recognized religions," id. at 1230, plaintiff fails to identify to

28  which religion he adheres.  To the extent he indicates that the UCC and "other state and federal

4

laws," form the basis of his beliefs, federal and state laws do not constitute a religion and are purely secular in nature. Such laws do not "address fundamental and ultimate questions having to do with deep and imponderable matters," and while they may be comprehensive, they do not consist of a belief system. Plaintiff has therefore failed to state a claim for the violation of his right to freely exercise his religion.

## V.    Claims for Which a Response Will Be Required

### A.    Freedom of Speech

"[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." United States v. Alvarez, 567 U.S. 709, 716 (2012) (alteration in original) (quoting Ashcroft v. ACLU, 535 U.S. 564, 573 (2002)). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). To determine whether a prison regulation is reasonable, the court looks at four factors: (1) whether there is "a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it;" (2) "whether there are alternative means of exercising the right that remain open to prison inmates;" (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally;" and (4) "the absence of ready alternatives." Id. at 89-90.

Liberally construed, plaintiff's allegation that defendants forced him to remove documents he had displayed on his walker that expressed his personal beliefs states a claim for violation of his right to freedom of speech. His assertion that he received prior approval to display the documents and had done so without incident for nearly two years sufficiently demonstrates that there was no legitimate reason for the removal of the documents. Because article 1, section 2 of the California Constitution "is generally broader and more protective than the free speech clause of the First Amendment," Int'l Soc'y for Krishna Consciousness of Cal. Inc. v. City of Los

1  Angeles, 530 F.3d 768, 774 (2008) (citations omitted), plaintiff has also stated a claim for

2  violation of his rights under the California Constitution.

3          B.      <u>Retaliation</u>

4       Allegations of retaliation against a prisoner's First Amendment rights to speech may

5  support a section 1983 claim.  <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995).

6             Within the prison context, a viable claim of First Amendment
7             retaliation entails five basic elements: (1) An assertion that a state
           actor took some adverse action against an inmate (2) because of (3)
8             that prisoner's protected conduct, and that such action (4) chilled the
           inmate's exercise of his First Amendment rights, and (5) the action
9             did not reasonably advance a legitimate correctional goal.

10  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2004) (footnote and citations omitted).

11       Plaintiff's allegation that defendants threatened him with a rules violation if he did not

12  remove the documents from his walker is sufficient to state a claim for retaliation under both the

13  First Amendment and the California constitution.

14      VI.    <u>Leave to Amend</u>

15       For the reasons set forth above, the court finds that the complaint does not state a

16  cognizable claim for the violation of plaintiff's right to free exercise of religion.  However, it

17  appears that plaintiff may be able to allege facts to remedy this and he will be given the

18  opportunity to amend the complaint if he desires.

19       Plaintiff may proceed forthwith to serve defendants Her and Brown on his claims that they

20  violated his rights to free speech and to be free from retaliation or he may delay serving any

21  defendant and amend the complaint.

22       Plaintiff will be required to complete and return the attached notice advising the court how

23  he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

24  file an amended complaint.  If plaintiff elects to proceed on his claims that defendants Her and

25  Brown violated his rights to free speech and to be free from retaliation without amending the

26  complaint, the court will proceed to serve the complaint.  A decision to go forward without

27  amending the complaint will be considered a voluntarily dismissal without prejudice of plaintiff's

28  free exercise of religion claim.

6

1    If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

2    about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

3    423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

4    defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

5    There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

6    connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

7    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

8    participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

9    268 (9th Cir. 1982) (citations omitted).

10    Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

11    his amended complaint complete.  Local Rule 220 requires that an amended complaint be

12    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

13    amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

14    1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

15    Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

16    in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

17    the original complaint no longer serves any function in the case.  Therefore, in an amended

18    complaint, as in an original complaint, each claim and the involvement of each defendant must be

19    sufficiently alleged.

20    VII.    Plain Language Summary of this Order for a Pro Se Litigant

21    Your request to proceed in forma pauperis is granted.  That means you do not have to pay

22    the entire filing fee now.  You will pay it over time, out of your trust account.

23    Some of the allegations in the complaint state claims against the defendants and some do

24    not.  You have stated claims against defendants Her and Brown for violating your rights to free

25    speech and to be free from retaliation and they will be required to respond to these claims.  You

26    have not stated a claim against these defendants for violating your right to free exercise of your

27    religion.

28    ////

1    You have a choice to make.  You may either (1) proceed immediately on your claims that

2    Her and Brown violated your rights to free speech and to be free from retaliation and voluntarily

3    dismiss the free exercise of religion claim or (2) try to amend the complaint.  If you want to go

4    forward without amending the complaint, you will be voluntarily dismissing without prejudice

5    your free exercise of religion claim.  If you choose to file a first amended complaint, it must

6    include all claims you want to bring.  Once an amended complaint is filed, the court will not look

7    at any information in the original complaint.  **Any claims and information not in the first**

8    **amended complaint will not be considered.**  You must complete the attached notification

9    showing what you want to do and return it to the court.  Once the court receives the notice, it will

10   issue an order telling you what you need to do next (i.e. file an amended complaint or wait for

11   defendants to be served).

12       In accordance with the above, IT IS HEREBY ORDERED that:

13       1.   Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 5, 9) are

14   GRANTED.

15       2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

16   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

17   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

18   Director of the California Department of Corrections and Rehabilitation filed concurrently

19   herewith.

20       3.   Plaintiff's free exercise of religion claim against defendants Her and Brown do not a

21   state claim for which relief can be granted.

22       4.   Plaintiff has the option to proceed immediately on his claims that defendants Her and

23   Brown violated his rights to free speech and to be free from retaliation as set forth in Section V

24   above, or to amend the complaint.

25       5.   Within fourteen days of service of this order, plaintiff shall complete and return the

26   attached form notifying the court whether he wants to proceed on the screened complaint or

27   whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court

28   ////

1    will assume that he is choosing to proceed on the complaint as screened and will recommend

2    dismissal without prejudice of plaintiff's free exercise of religion claim.

3    DATED: October 11, 2022

4

ALLISON CLAIRE
5    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD L. ALLEY,                         No.  2:21-cv-0010 AC P

12                 Plaintiff,

13          v.                                   PLAINTIFF'S NOTICE ON HOW TO
                                                 PROCEED
14    M. HER, et al.,

15                 Defendants.

16

17          Check one:

18    _____ Plaintiff wants to proceed immediately on his claims that defendants Her and Brown

19          violated his rights to free speech and to be free from retaliation without amending the

20          complaint.  Plaintiff understands that by going forward without amending the complaint

21          he is voluntarily dismissing without prejudice his free exercise of religion claims pursuant

22          to Federal Rule of Civil Procedure 41(a).

23

24    _____ Plaintiff wants to amend the complaint.

25

26    DATED:_____

27                                              _____
                                                Richard L. Alley
28                                              Plaintiff pro se

                                                1